## J. H. SULLIVAN CO. v. WINGERATH.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

### No. 115.

1. CONTRACTS (§ 284*)—CONSTRUCTION—SATISFACTION OF ARCHITECTS.

Where a contract for the construction of certain curbing and granolithic work provided that it should be performed to the satisfaction of specified architects, and that final payment should be made when the work should be approved by them, and on completion the architects examined the work and decided that it was not satisfactory, their decision was conclusive on the parties, in the absence of fraud or mistake so gross as to necessarily imply bad faith.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1292–1302, 1308–1317, 1326–1338, 1340–1346, 1350, 1351; Dec. Dig. § 284.*]

2. TRIAL (§ 243*)—CONTRADICTORY INSTRUCTIONS.

Where certain contract work was to be performed to the satisfaction of specified architects, and, they having refused to approve the work on completion, the court charged that their decision was conclusive, unless based on fraud or mistake so gross as to necessarily imply bad faith, further instructions, leaving the question to the jury as one of substantial performance, and charging that it was for them to determine whether the work as done measured up to what the architects should reasonably have required, and if the jury thought that defendant had fairly performed his contract he was entitled to a verdict, were contradictory and erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 564, 565; Dec. Dig. § 243.*]

In Error to the District Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Action by the J. H. Sullivan Company against Charles Wingerath. Judgment for defendant on a counterclaim, and plaintiff brings error. Reversed.

The following statement contains the facts particularly relevant to the questions of law considered in the opinion:

The plaintiff—a general contractor—had a contract with the owner of a church in Far Rockaway, Long Island, to make improvements upon the premises including the construction of concrete or granolithic sidewalks and curbs. The contract provided that no payment should be made to the contractor by the owner without the approval of the landscape architects and contained different provisions stating that the work should be done in a manner satisfactory to such architects. The plaintiff having taken the general contract from the owners made a subcontract with the defendant for the granolithic work. This contract provided that the work should be performed "to the satisfaction of the architects, Messrs. Olmsted Brothers," and that final payment should be made when the work should be approved by them. The defendant did the work under the subcontract but it was not satisfactory to the architects who rejected it and compelled the plaintiff to renew and replace it. The plaintiff brought this action to recover the expense it was put to over and above the contract price with the defendant, and the defendant by his counterclaim demanded the unpaid balance of the contract price.

Upon the trial the court, in the first part of its charge, told the jury that it was for them to say from the testimony whether the curb as constructed "did measure up to what Mr. Olmsted should have reasonably required under those specifications." Subsequently, the court charged in the language of the plaintiff's request as follows:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Under this contract the decision of the architects as to whether the work was satisfactorily performed is conclusive, unless the jury find that the decision of the architects was based upon fraud or a mistake so gross as to necessarily imply bad faith on the part of the architects. If, after the completion of the work by the defendant, the architects examined it and decided that it was not satisfactorily performed, this decision of the architects is not subject to review by the court or by the jury, unless their decision was based upon fraud or upon a mistake so gross as to necessarily imply bad faith."

The jury retired after the charge but later came in for further instructions and the court charged in part as follows:

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

"It really turns on the architects' decision, whether that was justified or not."

＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊　　＊

"Fifth Juror: I would like to know if we are indorsing Mr. Wingerath's contract if we bring in a verdict for Mr. Wingerath?

"The Court: You would be indorsing the performance of his contract, or the way in which the contract was performed.

"Fifth Juror: Whether it was right, whether it was done properly, or whether it was not?

"The court: As far as I understand the word 'indorse' you would be finding that Mr. Wingerath had either performed the contract, or that any failure to perform was such that it should not be fairly made a basis of rejection by the architect.

"Fifth Juror: That is, whether he did it right, or whether it was done inferiorly?

"The Court: Yes."

The jury brought in a verdict for the defendant upon his counterclaim, and to review the judgment entered upon such verdict the plaintiff has brought this writ of error.

Julien T. Davies and Herbert Barry, both of New York City, for plaintiff in error.

S. H. Voris, of Jamaica, N. Y., for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). [1] The trial court, in charging in accordance with the request of the plaintiff, correctly stated the law. The case was not one in which the necessity for, or finality of, an architect's certificate was involved. It was simply a case in which the parties had agreed that the work should be done "to the satisfaction of the architects." But in such a case the agreement as made must be lived up to. The question is not whether the work ought to be satisfactory but whether it is satisfactory. When parties agree that the question of the performance of a contract shall be left to the determination of a third person, his decision is final in the absence of mistake, fraud or arbitrary action amounting to legal fraud. To say in such a case that the question is one of substantial performance is to make a new contract for the parties and to substitute the judgment of the jury for that of the person they have agreed upon.

[2] The difficulty in this case is that although one part of the charge correctly stated the law, other parts in effect left the question to the jury as one of substantial performance. Thus in the first place they were specifically instructed that it was for them to determine whether the work as done measured up to what the architects should reasonably

have required, and we are unable to construe the last words of the court otherwise than as saying in substance that if the jury thought that the defendant had "fairly" performed his contract, they were justified in giving him a verdict. Portions of the charge upon the subject were clearly erroneous and we are not convinced that the correct portion cured the error.

As the judgment must be reversed on account of this prejudicial error and as the other questions raised upon the assignments of error may not arise upon the new trial, we think it unnecessary to consider them.

The judgment of the District Court is reversed.