## NORWICH UNION INDEMNITY CO. v. SIMONDS.

### No. 9628.

Circuit Court of Appeals, Eighth Circuit.
April 11, 1933.

W. O. Bissonett, of Duluth, Minn. (A. C. Gillette and Donald D. Harries, both of Duluth, Minn., on the brief), for appellant.

James E. Gardner, of Duluth, Minn. (Austin Lathers, of Duluth, Minn., on the brief), for appellee.

Before STONE, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

H. O. Simonds as the father and natural guardian of John Simonds (a minor), recovered a judgment of more than $9,000 against Edgar T. Jackson for personal injuries through the operation by Jackson of a certain Ford automobile owned by him. Execution therefor was returned unsatisfied because of the insolvency of Jackson. Thereafter suit was brought by Simonds upon an indemnity policy issued by appellant four days before the accident. This policy was issued to Sverre A. Olsen, and covered the automobile causing the injury. The action on the policy was for reformation to cover Jackson in the place of Olsen on the ground of inadvertence and mistake, and for recovery under the policy so reformed. The trial court made findings of fact and stated conclusions of law, resulting in a decree reforming the policy and according recovery thereunder, as reformed. From that decree, defendant appeals.

There are but two issues presented here. While taking the form of attacks upon specific findings as well as upon the sufficiency of the evidence to justify the decree, the main issue is the sufficiency of the evidence to uphold the decree. We have carefully read and considered the evidence. The disposition of the case depended upon whether what Jackson testified took place in connection with procurement of the policy was true or false. His testimony, if true, is sufficient. He was directly disputed on essentials by Oliver B. Worcester, the agent of appellant, with whom Jackson dealt. While appellant attacked the credibility of Jackson as to some elements of his testimony, the entire case resolved to a clear-cut issue of which of the two men was telling the truth. The cold record here is by no means sufficient to justify us in saying that the chancellor, who saw and heard the witnesses, was wrong in believing Jackson. It has long been established by this and other federal courts that the findings of a chancellor on conflicting testimony are presumptively correct, and will not be overthrown, unless it is clear that some serious mistake has been made in consideration of the evidence. Tilghman v. Proctor, 125 U. S. 136, 149, 8 S. Ct. 894, 31 L. Ed. 664; Karn v. Andresen, 60 F.(2d) 427, 429, C. C. A. 8; Central Republic Bank & Trust Co. v. Caldwell, 58 F.(2d) 721, 734, C. C. A. 8; Coats v. Barton, 25 F.(2d) 813, 815, C. C. A. 8. Obviously, the rule is particularly applicable where the issue of fact depends upon the

credibility of one of two conflicting witnesses whose demeanor the chancellor had an opportunity to observe and which we have not. Mason v. United States, 260 U. S. 545, 556, 43 S. Ct. 200, 67 L. Ed. 396; Adamson v. Gilliland, 242 U. S. 350, 353, 37 S. Ct. 169, 61 L. Ed. 356; Davis v. Schwartz, 155 U. S. 631, 636, 15 S. Ct. 237, 39 L. Ed. 289; Tilghman v. Proctor, 125 U. S. 136, 149, 8 S. Ct. 894, 31 L. Ed. 664; Coats v. Barton, 25 F. (2d) 813, 815, C. C. A. 8; Howard v. Howe, 61 F.(2d) 577, 578, C. C. A. 7.

■ The other issue presented here has to do with the exclusion of testimony sought on the cross-examination of Jackson and to which the objection that it was not proper cross-examination was sustained. Properly, appellant places little reliance upon this matter. The excluded evidence was clearly not proper cross-examination under the federal rule confining such to matters touched upon in the direct examination. This evidence was entirely foreign to anything touched upon during the direct examination of Jackson. Commendably, counsel concede that: "After sober deliberation upon the exclusion of this testimony we have decided not to go into lengthy discussion as to its relevancy because we appreciate that except for its bearing upon the credibility and truthfulness of the witness Jackson, it does not throw much light upon the principal issue in this case."

But the purpose of this testimony (as shown in the offer) was not to impeach the witness, but to show that no mistake had been made in the policy, as issued, by revealing a reason for the policy in that form.

The decree must be, and is, affirmed.