## UNITED STATES v. CERTAIN PARCELS OF LAND IN CITY OF PHILADELPHIA, PA., et al.

## ATWATER KENT MFG. CO. v. UNITED STATES.

### No. 8594.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 5, 1944.
Decided Oct. 20, 1944.

Norman MacDonald, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., C. James Todaro, Sp. Asst. to Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

Russell Conwell Cooney, of Philadelphia, Pa. (Frank H. Mancill, of Philadelphia, Pa., on the brief), for Atwater Kent Mfg. Co.

Before GOODRICH and McLAUGHLIN, Circuit Judges; and KALODNER, District Judge.

GOODRICH, Circuit Judge.

This is an appeal from a judgment entered in a proceeding to condemn 19.6 acres of land in the City of Philadelphia for defense housing purposes. Declaration of taking was filed; deposit of estimated compensation was made and judgment on the declaration was duly entered. A Board of View was appointed by the court and subsequently reported. The United States appealed from the award of the Viewers. Subsequent thereto the Atwater Kent Manufacturing Company filed its statement of claim in the proceedings, alleging

the value of the property taken to be $253,000. At the trial the value on the property placed by the various experts varied from $88,600 to $236,356. The jury's verdict was for $190,000 upon which judgment was entered. The government appeals.

The case upon appeal is based upon objections to the testimony of Harold P. Mueller, called as an expert witness as to value by the former owner. The first objection is that Mueller was incompetent as a witness because he did not show sufficient familiarity with the general selling price of similar property in the neighborhood. This objection is not seriously pressed or, in any event, cannot be sustained. Other witnesses for the landowner had testified to a number of sales of property in the neighborhood but were careful to point out that these sales were mainly of land to be used for industrial sites while the land in question was, under the zoning rules, classified under Division C which excluded property for industrial use. Mueller testified as to knowledge of two sales of plots for residential purposes in the general neighborhood. On the affirmative side he was shown to be a registered professional engineer and a builder who for twenty years had been engaged in the building business in Philadelphia and had built and sold approximately 2,000 houses. He was shown to be an officer of the Home Builders' Association and as such knew what ground all the builders in the City were buying in the Philadelphia area. He had examined the official contour maps, was familiar with street improvements, the lines and grades of the property, the width of the streets, the transportation facilities, presence of schools and churches, etc. The question of his competency, in the first instance, was one for the determination of the trial court, 2 Jones on Evidence, 4th Ed. 1938, § 369; 2 Wigmore, Evidence, 3d Ed. 1940, § 561, and we see no abuse of discretion in allowing him to testify as an expert upon the question of value.

The second point raised by the appellant is alleged error in not striking out Mueller's testimony because it is said that his opinion of market value was erroneously admitted because it was based upon what the property would be worth to him. A number of Pennsylvania decisions are cited in support of the appellant's argument upon this point. The practice, pleadings, forms and modes of proceeding in federal condemnation cases are, by statute, to conform "as near as may be" to that of the state in which the proceeding is had. 40 U.S.C.A. § 258. On the other hand, the questions of substantive right, such as the measure of compensation, being grounded upon the Constitution of the United States, are not controlled by state law. United States v. Miller, 1943, 317 U.S. 369, 379–380, 63 S. Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55. In determining what compensation the owner is to receive for the land taken, this Court has recently held that evidence may be admissible which under the local state rule would be excluded. United States of America v. Certain Parcels of Land in the City of Philadelphia, etc., and F. King Wainwright, 3 Cir., 1944, 144 F.2d 626.

In this particular case, however, we are not called upon to meet the question whether a federal court may receive evidence purporting to establish value which would be excluded were the trial in a state court. We may assume the applicability of a statement cited to us in the appellant's brief from Friday v. Pennsylvania R. Co. 1903, 204 Pa. 405, 54 A. 339, 341, that "The subject of inquiry before the jury was the market value of the property, and not what a particular witness, having in view a special purpose, might be willing to give for it, if he had the money." Witness Mueller on direct examination, testified to his familiarity with the property, street improvements, the grade lines, the zoning regulations, etc., saying that he took into consideration the surrounding area, sales of comparable property which were taken from his knowledge of sales gained from experience and bearing in mind transportation facilities and those of schools, churches, etc. and estimated the market value of the property on the day of taking at $11,500 an acre. He repeated the same estimate, in shorter form, on redirect examination.

On cross-examination the witness stated, in response to a question, that he believed the most profitable use to which this property could be put was for houses. Then began a series of questions inviting statements from the witness based upon his experience as a builder. For instance: "So that if you had laid this out in lots you could only occupy fifty per cent of it with buildings?" This cross-examination proceeded for a space that occupies twenty pages in the printed record. Contour of the land was discussed; so were perimeter streets, interior streets, grading, sewers and other items of expense which would be in-

volved in utilizing the land for the purpose for which the witnesses testified it could most profitably be used.

At the conclusion of the cross-examination the witness was asked whether the scheme for development which had been brought out by the questions and answers was the one which he, the witness, was going to put into operation if he obtained the land for himself. He replied that it was. Counsel for the appellant then moved to strike the entire testimony.

■ We do not find in all this, however, a showing that the witness based his estimate of present value on speculation of what could be done with the land in the future, like the milkmaid in the fable who estimated the value of her poultry crop from the expected profits of the basket of eggs carried on her head. The witness had testified to his experience as a builder and when asked technical questions about the use of this particular land for the building of houses gave the technical talk an expert would be expected to give. One would hardly suppose he would have replied, when asked if the plan he had described was the one he would have followed, that he would have said no, that the plan was simply offered for evidence and he, himself, would follow another. He stated categorically that he was estimating the value of the land based on all the factors above described. If severe cross-examination gave rise to an inference that this was not so and that he was attributing a personal value based upon his own individual expectation of profitable use, the contradiction in his testimony was for the jury to resolve.

■ The appellant contends that the court erroneously restricted government's cross-examination of the witness Mueller. We do not think that this objection can be sustained. The court did stop examination when it thought that it had gone too far. Counsel was allowed wide latitude in probing the basis of Mueller's conclusion, seeking to establish, as indicated above, that it was based upon personal or speculative elements, in an estimate of present value. We do not think that it was unduly restricted.[1] The case went to the jury under a clear charge of which neither party complains and in which the criterion for determining the amount of recovery was clearly stated. The verdict was for considerably less than the estimates of the plaintiff's witnesses, although more than the figures given by the government witnesses. We find no reversible error in the proceedings.

Affirmed.

[1] The trial court has wide discretion in determining the scope of cross-examination. 2 Jones on Evidence, 4th Ed. 1938, § 389, p. 736; 3 Wigmore, Evidence, 3d Ed. 1940, § 944.