**ZUMWALT v. GARDNER.**

No. 13460.

Circuit Court of Appeals, Eighth Circuit.

April 4, 1947.

Ford W. Thompson, of St. Louis, Mo. (Charles P. Noell, of St. Louis, Mo., on the brief), for appellant.

Charles M. Miller, of Kansas City, Mo. (Orville Richardson, of St. Louis, Mo., on the brief), for appellee.

Before GARDNER, THOMAS and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This was an action brought by appellant against the trustee of the Alton Railroad Company to recover damages for personal injuries suffered by him while in the employ of appellee. On trial the jury returned a verdict in favor of appellee and from the judgment entered thereon, appellant prosecutes this appeal. The parties will be referred to as they were designated in the trial court.

Plaintiff at the time of receiving his injuries was employed by defendant as a switchman and had been so employed for four or five months prior to that time. He was on duty at Venice, Illinois. In his complaint he alleged that while attempting to get on the footboard of a Diesel switch engine, it suddenly, unexpectedly, and with an unusual and violent jerk threw and knocked him from the footboard of the engine, causing him to fall so that the engine ran over him, crushing his foot and otherwise injuring him. He alleged that the action of the Diesel engine was caused (1) by the negligence of the engineer operating the engine in the application and setting of the brakes in emergency, and so as to cause a sudden, violent, unusual and unexpected jerk, or (2) the jerk was caused by a defect or defects in the main reservoirs, equalizing reservoir, brake valve, distributing valves, governor, reducing valve, feed valve, safety valve and brake cylinders, together with the various pipes, connections, cocks and couplings appurtenant thereto, causing the brakes to be defective and to be set in emergency without intention on the part of the engineer. At the trial, the court withdrew the first alleged ground of negligence from the jury, but submitted the second ground alleged to have caused the accident, to the jury.

On this appeal plaintiff seeks reversal on substantially the following grounds: (1) the court erred in rulings pertaining to the admissibility of evidence offered by plaintiff; (2) the court erred in instructing the jury; (3) the court erred in its rulings on motion for new trial.

■ The brief of appellant is subject to criticism in that it has been prepared in disregard of Rule 11(b) Third of this court, requiring appellant's brief to contain "A concise statement of the case in so far as is necessary for the court to understand and decide the points to be argued in the brief or orally." Appellant's so-called statement comprises forty-six printed pages and is not only lengthy but confusing, with extensive reproductions verbatim of the record. Appellee moves for a dismissal of the appeal on this ground. Rule 12(e) of this court provides that records and briefs not printed in substantial conformity with the provisions of that rule will not be accepted or filed. This, however, refers to the form and not the substance of the brief. Rule 73 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that, "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal. Failure of the appellant to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal, but is ground only for such remedies as are specified in this rule or, when no remedy is specified, for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

■ We think the harsh remedy of dismissal of the appeal should not be granted, and while the brief of appellant might be stricken and the cause redocketed, yet that would cause unnecessary delay, and inasmuch as sufficient can be gleaned from the brief to determine certain questions urged on this appeal, the fact that it may be insufficient in other particulars would not warrant us in dismissing the appeal.

In so far as appellant attempts to present errors in rejecting evidence, we think the points relied upon are insufficient to present specific rulings. Rule 11(b) Fourth of this court provides that appellant's brief must contain, "A separate and particular statement of each assignment of error (in criminal cases), or of each point relied upon (in civil cases), intended to be urged, with the record page thereof. If an error assigned or point relied upon re-

lates to the admission or exclusion of evidence, the statement shall quote the evidence referred to and the pertinent objections or exceptions taken, together with the rulings of the court thereon, giving the pages of the printed record on which the quotations appear."

 This rule has been flagrantly disregarded and for that reason we do not feel warranted in considering in detail the rulings complained of. An examination of the record convinces that the alleged errors were either waived or objections properly sustained, and hence, no prejudicial error appears which might be given notice even without a proper record. Kincade v. Mikles, 8 Cir., 144 F.2d 784.

The important, if not the controlling, question in this case arises with reference to the applicability of the res ipsa loquitur rule. Proof of the sudden jarring or jerking of the engine would under the circumstances disclosed present, we think, a proper case for the application of the doctrine. The engine was under the control and management of the defendant, and the occurrence as testified to by the plaintiff at least was such as in the ordinary course of things would not have happened if those who had the engine in control or management had used proper care, and if the engine had been in proper repair. Pitcairn v. Perry, 8 Cir., 122 F.2d 881; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101; May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 840. Since this action is based on the Federal statutes the rule of the state courts need not be reviewed. It is practically conceded that the facts and circumstances disclosed surrounding the happening of this accident would ordinarily under proper pleadings warrant the application of the res ipsa loquitur doctrine, but it is argued that the plaintiff in effect waived his right to rely upon that doctrine by pleading specific acts of negligence. In May Department Stores Co. v. Bell, supra, an exhaustive study of this subject was made and it was concluded that under the Missouri rule an allegation of specific negligence deprives plaintiff of the right to rely upon res ipsa loquitur. It must be noted, however, that since the opinion in that case was handed down, the

Supreme Court has promulgated, pursuant to congressional authority, rules of civil procedure applicable to Federal courts. In the May Department Stores case we said, "We assume, without deciding, that it is a rule relating to pleading and practice, which under the provisions of the Conformity Act (section 724, title 28, U.S.C.A.), we are bound to recognize and apply in this case."

 The Federal court need not therefore concern itself as to the rules of pleading and practice in the state courts. In the May Department Stores case we, among other things, said, "The Circuit Court of Appeals of this circuit, while it has adopted the rule that a plaintiff who charges specific negligence may not have the benefit of the maxim regardless of what the evidence may show, has never gone so far as to hold that, where a plaintiff points out the specific defect in the instrumentality which caused his injury, and then charges that the existence of the defect was due to the negligence of the defendant generally, he will be deprived of the use of the maxim."

 Having made specific allegations of negligence plaintiff must rely for his recovery upon the specific acts or causes alleged and can not recover for any other. This, however, does not deprive him of the benefit of the doctrine of res ipsa loquitur to establish the specific acts of negligence. The mere allegation of a specific act of negligence or a specific cause for the accident does not deprive appellant of the benefit of the doctrine so far as the specific cause of the accident is concerned. In other words, the doctrine may be invoked to establish the particular acts causing the accident alleged, just as any proof which plaintiff might seek to introduce should be limited to the establishment of the negligence alleged. Having alleged specific acts, this would relieve defendant from the burden of disproving or meeting any other negligent acts but would not deprive plaintiff of the benefit of the doctrine of res ipsa loquitur. May Department Stores Co. v. Bell, supra.

Turning now to the pleadings, it is observed that two specific causes of the

accident resulting in plaintiff's injuries are pleaded in the alternative. Rule 8 (e) (2), Federal Rules of Civil Procedure, provides that, "A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses."

■ It is first charged that the accident was caused by the negligence of the defendant's engineer in charge of the engine. Plaintiff's testimony was to the effect that as he stepped onto the footboard and reached for the grabiron with his right hand, the engine went into an emergency stop and jarred him off backwards. This occurrence and the circumstances surrounding it furnished evidence from which the jury might have inferred negligence which if not explained or not explained satisfactorily would have supported a verdict for plaintiff. We do not mean by this that this evidence compelled a verdict for plaintiff but only that it would have warranted such a verdict. The sudden stopping of the engine resulting in jarring plaintiff from the footboard was, we think, circumstantial evidence of negligence because the engine was under the exclusive control and management of the defendant and the accident in the ordinary course of events would not have occurred if proper care had been observed.

At this stage of the evidence plaintiff sought to rest his case so far as the first allegation of negligence was concerned, and he called a witness by whom he sought to prove defects in the brakes in support of his second ground. Then occurred a colloquy between the court and counsel. As the result of this colloquy counsel for plaintiff asked, "Then we have to show the engineer didn't do it before we are permitted to have the expert testimony?

"The Court: I think you will have to show the engineer didn't do it, and I am inclined to think if it is shown he didn't do it you may be able to show what might have caused it. * * *"

At that time counsel for plaintiff in protest said, "The position we take, we have made a prima facie case * * *."

"The Court: You have to prove your negligence, the Court can't presume negligence, the burden is upon you to show it.

"Mr. Noell: We have proven negligence at the moment the plaintiff testifies he was knocked off the locomotive."

Plaintiff being refused the right of putting in testimony as to the second ground of negligence, called the engineer in charge of defendant's engine at the time of the accident and asked him whether or not at or prior to the time of the accident he had put the brakes of the engine on in emergency by turning the brake valve. To this the engineer replied that he had not. He was then cross-examined at great length on many matters not specifically covered by his direct examination.

■ The court in its instructions took from the jury the issue presented as to the negligence of the engineer and refused an instruction requested by plaintiff specifically submitting that issue. This we think was error. As said in May Department Stores Co. v. Bell, supra, "A verdict may be directed by the court in a case where the maxim res ipsa loquitur applies. (Citing cases). The rule is, however, that the question of negligence is generally for the jury; and 'it is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court.' "

■ The engineer whom plaintiff was compelled to call as his witness was in the employ of the defendant and while plaintiff because of having called him, could not directly impeach him, he was not necessarily bound by his testimony. He could have offered testimony to contradict him. Swift & Co. v. Short, 8 Cir., 92 F. 567; Abdo v. Townshend, 4 Cir., 282 F. 476. The surrounding circumstances which made applicable the doctrine of res ipsa loquitur were themselves of an evidentiary character and in view of the testimony as to the happening of the accident the jury was not bound to accept as true the testimony of defendant's employee even though not di-

rectly contradicted because facts in evidence made the truth of the engineer's statement questionable, and hence, different inferences might have been drawn from the evidence. The engineer, as has already been observed, was interrogated by counsel for defendant as to matters not covered by the direct examination. It is a rule of the Federal courts that the cross-examination of a witness is confined to matters touched on in his direct examination. Norwich Union Indemnity Co. v. Simonds, 8 Cir., 65 F.2d 134; Union Electric Light & Power Co. v. Snyder Estate Co., 8 Cir., 65 F.2d 297; Stone v. Chicago, M., St. P. & P. Ry. Co., 8 Cir., 53 F.2d 813; Fidelity & Deposit Co. v. Bates, 8 Cir., 76 F.2d 160. This rule, limiting the scope of cross-examination to the subject matter of the direct examination, was not changed by the adoption of the Federal Rules of Civil Procedure. Moyer v. Ætna Life Ins. Co., 3 Cir., 126 F.2d 141.

▆▆ As to that part of the cross-examination which clearly went beyond the limits of the subject matter covered in direct examination, the witness became defendant's own witness. The evidence is undisputed both by the plaintiff and the engineer that the footboard of the engine was in good condition. The engineer testified relative to the plaintiff, "I saw him get on the footboard of the engine. * * * I saw him get upon the footboard, yes. * * * I saw one hand on the grabiron.

"Q. Are you sure that he got upon the footboard? A. Yes sir, I am sure."

He further testified that after he received the go ahead signal from plaintiff, he did not move the engine with a violent jerk; that there was no jerk at all; that up until the time he got the emergency signal from the switch foreman, the engine was running smoothly.

"Q. Was there any movement in the engine there that would cause him to fall from the front step of this engine? A. No, sir.

"Q. Was your engine working in perfectly good condition? A. Yes, sir."

▆▆ Having in mind that this witness testified that the plaintiff got upon the footboard; that the footboard was in good condition, and that the plaintiff had hold of the grabiron, yet notwithstanding these circumstances it appears from the undisputed facts that the plaintiff in fact was thrown off or fell off this footboard. These physical facts may have impressed the jury as rendering doubtful the statement of the engineer that he did not apply the brake in emergency and that the engine was running smoothly without jerks or jars. The jury, it occurs to us, might well have wondered how the plaintiff, if the engineer was correct, fell off this footboard. In the final analysis the testimony of the engineer does not purport to explain how the accident happened, nor indeed, does it purport to explain how it might have happened. It tends rather to prove that it could not have happened—a conclusion which in view of the admitted physical facts can not be accepted. As said by us in Carter v. Kurn, 8 Cir., 127 F.2d 415, 418: "Oral testimony loses its probative force when contradicted by admitted physical facts."

▆▆ The first ground pleaded as the basis for recovery was bottomed upon negligence. So far as that ground was concerned the case was governed by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., under which liability can be predicated only upon negligence. The second ground alleged as basis for recovery, however, was governed by the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., and it was not necessary to plead nor prove negligence. Although the court took from the jury the only issue involving proof of negligence, the court instructed the jury in part as follows: "Now in that regard, gentlemen, under the law it is the duty of the railroad company and every person operating a railroad to provide its engines and equipment with safe appliances such as brakes and mechanism necessary to the operation and control of these brakes. And any failure on the part of the railroad company to supply its equipment with safe brakes and equipment would, if you find these facts to be true, would in law be negligent. Now defendant denies that it was negligent in the maintenance of its equipment or its brakes."

The Safety Appliance Act here involved imposes an absolute and continuing duty upon an interstate carrier to maintain its locomotives and all parts and appurtenances thereof in proper condition and safe to operate in active service as distinguished from the qualified duty at common law to use ordinary care. Lilly v. Grand Trunk Western R. Co., 317 U.S. 481, 63 S. Ct. 347, 87 L.Ed. 411; Southern Ry. Co. v. Lunsford, 297 U.S. 398, 56 S.Ct. 504, 80 L.Ed. 740; Baltimore & O. R. Co. v. Groeger, 266 U.S. 521, 45 S.Ct. 169, 69 L.Ed. 419; Chicago, St. P., M. & O. Ry. Co. v. Muldowney, 8 Cir., 130 F.2d 971; Johnson v. Great Northern Ry. Co., 8 Cir., 178 F. 643; Chicago, M., St. P. & P. R. Co. v. Linehan, 8 Cir., 66 F.2d 373. The court, however, calls attention in this instruction to the fact that the defendant denies that it was negligent in the maintenance of its equipment. This would, of course, be no defense, and therefore it was improper to call that matter to the attention of the jury, as it may well have left the impression with the jury that lack of negligence would be a defense. The court further instructed the jury: "If you shall find and believe from the preponderance of the evidence that at the time and place mentioned in evidence, while the plaintiff was attempting to board the engine, or while his foot was upon the footboard, the engine because of the defective condition of the appliances controlling the brakes as shown by the evidence, that is, because of a defective governor or dirt in the equipment controlling the brakes, suddenly caused the brakes to be applied thereby suddenly stopping the engine, shaking it and causing the plaintiff to be thrown to the roadbed and thereafter to move forward and run over him, then it will be your duty to find a verdict for the plaintiff. On the contrary, the court has stated that if the plaintiff was injured as a result of his own fault without any negligence on the part of the defendant, then it will be your duty to find a verdict for the defendant."

Here again, the court by implication at least left the impression with the jury that the question of the defendant's negligence was an issue, if indeed not a controlling one. While it is true the court

in part charged correctly as to the basis of liability, yet the interspersed references to negligence made the instructions as a whole confusing, and instructions which are susceptible of two meanings are erroneous because the jury may be misled. Carpenter v. Connecticut General Life Ins. Co., 10 Cir., 68 F.2d 69; J. H. Sullivan Co. v. Wingerath, 2 Cir., 203 F. 460; Mideastern Contracting Corporation v. O'Toole, 2 Cir., 55 F.2d 909.

Other contentions will not be considered because it seems unlikely that the questions will again be presented on retrial of this action. The judgment appealed from is therefore reversed and the cause remanded with directions to grant plaintiff a new trial.