## LONG v. UNION R. CO.

### No. 9829.

United States Court of Appeals Third Circuit.

Argued Feb. 25, 1949.

Decided April 13, 1949.

John E. Evans, Jr., Pittsburgh, Pa. (Evans, Ivory & Evans and Wm. D. Hilldorfer, Pittsburgh, Pa., on the brief), for appellant.

Chauncey Pruger, Pittsburgh, Pa. (John W. Wishart and Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellee.

Before GOODRICH, WALLER, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant sued to recover damages for personal injuries sustained by him while employed by appellee. The trial below resulted in a defendant's verdict and this appeal is from the judgment entered thereon.

The complaint specifically stated that it was based on negligence. That negligence allegedly consisted of an inefficient brake, failure to warn plaintiff thereof, failure to make inspections in connection with same and failure to furnish plaintiff with a safe place to work. There was some evidence on behalf of the plaintiff supporting that charge; for example, Long himself testified regarding the brake that " * * * it wasn't efficient. It wasn't working in other words." Though the Safety Appliance Acts[1] were not named in the complaint, the district judge rightly thought that the charge and proof of an inefficient brake brought into the case the absolute duty of the defendant to provide the particular car with an efficient brake. With this in mind he, as indicated by what he said in disposing of plaintiff's motion for a new trial, intended to instruct the

[1] 36 Stat. 298, 45 U.S.C.A. § 11.

jury "that if plaintiff established by the fair weight of the evidence that he was injured by reason of the failure of the defendant to provide a car with an efficient hand brake, he was entitled to recover for the full amount of his injuries." And the real question before us is whether he did this fully and correctly or whether the charge was so confusing in its presentation of the governing principles of liability as to substantially prejudice the plaintiff.

Though the summations of counsel are not with the record and apparently were not reported, appellant's brief states that his case was submitted to the jury in the closing address upon the theory that if the hand brake he was operating "did not work efficiently and if he was injured as a result of such, their only concern was then with the question of damages." Appellee seeks to turn the problem into one of proof, namely, whether plaintiff produced evidence sufficient to permit a jury to find that his injury was caused by a brake which was not efficient. In so doing appellee, among other things, seemingly overlooks the fact that this was precisely the query given the jury for decision and that there was no motion on behalf of the defendant for a nonsuit at the end of the plaintiff's case or for a direction of verdict in favor of the defendant at the end of the whole case; also that no point for charge was submitted on behalf of the defendant which requested the jury be instructed that they were not to consider whether the brake was efficient. To add its bit to the generally unsatisfactory situation there was an oral request by the plaintiff's attorney *after* the charge of the court had been completed, that the court "instruct the Jury as to the nature and extent of the Railroad's obligation to provide an efficient brake under the Safety Appliance Act." This the court refused.

The problem confronting us arises primarily from the manner in which plaintiff's cause of action was pleaded and tried. It was the complaint which alleged the inefficient brake and the lack of inspection thereof as negligence. It was not until after the judge had charged the jury that there was any mention to him of the contention that the Safety Appliance Acts governed and that the jury should be so instructed. The trial court realized that the assertion of an inefficient brake coupled with supporting testimony raised the issue of absolute liability on the part of the defendant and he endeavored to give the jury the correct resulting picture. He did so after a fashion but in combining plaintiff's theory of negligence which included lack of inspection as a vital part of that claim, with the principle of absolute liability, the net result unfortunately was confusing and may have misled the jury. If the negligence features of the charge were its only difficulty these might perhaps be said to have been absorbed by the later strong language which though placed under the head of negligence, unmistakably applied the test of absolute liability to the condition of the brake. However, there are other elements which cannot be thus eliminated.

In the charge, the trial court first told the jury that the plaintiff in order to recover "must prove by the fair preponderance of evidence, that this Defendant was negligent and that it led to the injury claimed by him." The court went on to say that:

"The substance of this case is that it is claimed that the Plaintiff was injured, and was injured through the negligence of the defendant company or through that of its agents. Negligence may be defined as the failure to use that degree of care which ordinarily careful and prudent men would have used under the same circumstances, and in the same relation. It is alleged by the Plaintiff that he was injured because the defendant company, through its agents, did not use that degree of care which should have been used under all the circumstances. Negligence is not to be inferred from the mere happening of an accident, but must be proved by the fair weight, the preponderance, of the testimony."

And, continued the court, the only claim by the plaintiff to be decided by the jury was whether "the Defendant had negligently cause to be hauled and used in its junction yard * * *, a certain hopper car which was equipped with a common hand brake that was not efficient, and that the *brake was so old and rusted* and *so forth*

*as to be out of repairs,* so that it would not serve in its capacity as a brake to hold the car. He alleges that failure, that situation, was due to *improper inspection."* (Emphasis supplied.) The complaint did assert that the brake was old, rusted and out of repair and did allege improper inspection. But as this phase of the suit was tried, the entire contention was that the brake was "inefficient". The court therefore by the above language imposed a heavier task upon the plaintiff than was justified by the trial issue.

■ The court going on with the charge outlined plaintiff's claim, namely, that he attempted to operate the brake which failed to function as it properly should have. The condition of the brake was stressed as the main question. The court said as to the brake that if the jury found it "was not in shape to operate" they should proceed to the next question of whether that failure resulted in hurt to the plaintiff. After that the court said:

"Now, the first question, above all, for you to determine is the matter of the negligence. Has the Plaintiff, by the fair preponderance of the evidence, established that *this was a car unfit for use* by reason of failure of its brakes, or did he not? If you find by the fair preponderance that *it was such a car,* and was put in use by the Defendant for operation, that in itself would constitute negligence on the part of the Defendant." (Emphasis supplied.)

Obviously, plaintiff did not have the burden of showing that the car was unfit for use and while this inference was somewhat qualified it could have created a mistaken viewpoint.

The defense evidence tending to show that there was nothing the matter with the brake, was next reviewed and having finished with that the court said: "Then we come to the next point. If you find by the other testimony that has been offered, if you find by the fair weight of the testimony that the Defendant *was negligent* insofar as the *inspection* and *production* of this car was concerned, and that it allowed to come into use of this train crew a car which was unfitted for use by reason of its brake—and do so by a fair preponderance of the evidence—then you will proceed to what is ordinarily the next question involved." (Emphasis supplied.) Again it is pointed out that the test of liability in this matter was not what defendant did or did not do with reference to inspection and production of the car.

■ The court then took up the problem of contributory negligence and in so doing made its sole reference to the Safety Appliance Acts though not mentioning them by name. It said:

"Insofar as this particular case is concerned, the allegation is that the trouble which arose was due to a particular brake which was *entirely inadequate* for the use, and it has been provided by statute that where the defendant has failed to protect its crew by the introduction or production *of all* safety laboring devices which are required by law, that *no contributory negligence* can be alleged on behalf of the Defendant as a matter of defense." (Emphasis supplied.)

Plaintiff's task under the statute was to prove that the brake was inefficient not that it was not entirely inadequate. Cf. Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615. The allusion to contributory negligence in connection with the absolute liability test of the Safety Appliance Acts could have conveyed the idea that such test was not absolute liability but ordinary negligence.

■ After going into damages, the court returned to the liability phase saying:

"If you find by the fair preponderance of the evidence that the Defendant was *negligent* as alleged by the Plaintiff, *that it did without proper inspection furnish a car for use which,* or the brake of which, was unfitted for the purpose, and that that failure to furnish a proper car with proper brakes led to the accident, then you will award a verdict to compensate this Plaintiff for the injuries which he has received. If you do not so find, by the fair preponderance of the evidence, then it will be your duty to return a verdict in favor of the Defendant." (Emphasis supplied.)

By the above the jury was once more told that an important item in connection with

the alleged improper brake and one which had to be found in favor of the plaintiff before a verdict could be given in his favor, was that the defendant furnished a car for use without proper inspection. Actually there was no such requirement under the Safety Appliance Acts in order for the plaintiff to establish that the brake was inefficient.

The trial court was right perhaps in concluding that the verdict was caused by the dim view the jury took of plaintiff's credibility but there is of course no assurance of this. We have no assurance either that the errors in the charge produced no effect on the jury and we do see that the sum total of those errors was substantial.

The situation differs from that in Gibson v. International Freighting Corporation, 3 Cir., 1949, 173 F.2d 591, 595, where "Considering the entire charge there was no occasion for the jury to so misinterpret it as to conclude that their verdict was to be confined to negligence." It is rather quite similar to the facts in Zumwalt v. Gardner, 8 Cir., 160 F.2d 298, 304, where the court said: "While it is true the court in part charged correctly as to the basis of liability, yet the interspersed references to negligence made the instructions as a whole confusing, and instructions which are susceptible of two meanings are erroneous because the jury may be misled." Cf. O'Donnell v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 171 F.2d 973.

██ Appellant also urges that the trial court erred in refusing to permit the witness Lewis to testify concerning the efficiency of the brake. This evidence was rejected because in the opinion of the district judge, the witness was not properly qualified as an expert on the subject. Whether he was so qualified was for the determination of the trial court in the first instance and our examination of the record shows no abuse of discretion by the district judge in declining to receive the testimony. United States v. Certain Parcels of Land, etc., 3 Cir., 145 F.2d 374, 375, 159 A.L.R. 1.

The judgment of the district court will be reversed and the case remanded for a new trial.