UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Paul L. Vogelsans, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

10.00 ACRES OF LAND, More or Less,
In the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Catherine E. Henderson,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

10.00 ACRES OF LAND, More or Less,
In the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Lewis L. Howard and Teresa Howard,
Defendants-Appellants.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Elizabeth Toman, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Edith L. Smith, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Elizabeth Anton, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

3.75 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Enrique Villa, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Dr. Alfred Marcia, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

2.50 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

John R. Kolling, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

John H. James, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In
the COUNTY OF COLLIER, STATE
OF FLORIDA, et al., Defendants,

Andrew L. Cadwell, Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Ron N. Eddy and Alma M. Eddy, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Dan G. McCormick, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

G. S. Mitchell, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

2.50 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Robert J. Kelly and Madeline Kelly, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Arma E. Andon, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

C. W. Doane, a/k/a Clifford W. Doane, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

20.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Virgilio J. Bello, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

10.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Ben Friedman and Sarah Friedman, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

John Kopelakis, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

5.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Sam G. Ragland, Jr., Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

1.25 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Jesse Baldwin, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

10.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

James G. Vaccaro and Mildred R. Vaccaro, Defendants-Appellants.

UNITED STATES of America, Plaintiff-Appellee,

v.

20.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Gordon Roberts, Defendant-Appellant.

UNITED STATES of America, Plaintiff-Appellee,

v.

10.00 ACRES OF LAND, More or Less, In the COUNTY OF COLLIER, STATE OF FLORIDA, et al., Defendants,

Alma Skeggs and John Skeggs, Defendant-Appellant.

Nos. 81–5021 to 81–5026, 81–5030 to 81–5038, 81–5045 to 81–5050 and 81–5052 to 81–5055.

United States Court of Appeals, Eleventh Circuit.

April 26, 1982.

Brigham, Reynolds, Byrne & Moore, Celeste Hardee Muir, Miami, Fla., S. W. Moore, Brigham, Reynolds, Byrne & Moore, Sarasota, Fla., for defendants-appellants in all cases.

Albert M. Ferlo, Jr., Anthony C. Liotta, Acting Asst. Atty. Gen., Jacques B. Gelin, Thomas L. Riesenberg, Attys., Appellate Section, Land & Natural Resources Division, U.S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before VANCE, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

In 1974 the Secretary of the Interior was authorized to acquire approximately 570,000 acres of land in Monroe and Collier Coun-

ties in Florida for the Big Cypress National Preserve. In 1978 the district court appointed the Big Cypress Land Commission to determine just compensation for property taken in attendant eminent domain proceedings. In addition to compensation trials the Commission holds summary calendar proceedings in which landowners who have not retained counsel can personally contest government appraisals.

 Appellants claim that by the time their case came to trial in February 1980 the Commission had become prejudiced by hearing 39 pro se proceedings in which landowners did not effectively present evidence of land values. They request that a new commission be appointed, and their case be retried.

The courts have recognized that under certain circumstances a commission is a useful and proper device for setting compensation. Fed.R.Civ.P. 71A(h). Use of the device is appropriate in a case such as this one, which involves "large areas held by many small landowners, or property too distant for a jury to view the premises." *United States v. Buhler*, 254 F.2d 876, 880 (5th Cir. 1958); *accord, Georgia Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 648 (5th Cir. 1979), *vacated in part on other grounds sub nom. Georgia Power Co. v. Saunders*, 617 F.2d 1112 (5th Cir. 1980), *cert. denied*, 450 U.S. 936, 101 S.Ct. 1403, 67 L.Ed.2d 372 (1981).[1] Because the protection of a jury is not afforded, the courts must be particularly vigilant to ensure that every precaution is taken to safeguard the rights of individual landowners. There is nothing in the record to indicate that this duty has been slighted.[2] The landowners here have failed to show any actual bias, much less bias beyond reasonable possibility of disa-

greement. *See United States v. Certain Parcels of Land Located in Fairfax and Loudoun Counties, Commonwealth of Virginia*, 384 F.2d 677, 681 (4th Cir. 1967). The decision of the district court is affirmed.

AFFIRMED.

---

1. Although trial by jury is the customary method of fixing the value of land taken in eminent domain proceedings, there is no constitutional right to a jury determination of compensation. *See Georgia Power Co. v. 138.30 Acres of Land*, 596 F.2d 644, 647 (5th Cir. 1979), *vacated in part on other grounds sub nom. Georgia Power Co. v. Saunders*, 617 F.2d 1112 (5th Cir. 1980), *cert. denied*, 450 U.S. 936, 101 S.Ct. 1403, 67 L.Ed.2d 372 (1981).

2. The sum and substance of the case is that the Commission must be biased because it has heard 39 pro se cases in which the awards were not as favorable to the landowners as in three or four prior trials conducted by lawyers. This recitation of numbers proves nothing. The purpose of a commission is to hear all cases for an entire project, *see Georgia Power Co.*, 596 F.2d at 648, and achieve some uniformity of result, *see United States v. Merz*, 376 U.S. 192, 197, 84 S.Ct. 639, 642, 11 L.Ed.2d 629 (1964).