ALABAMA POWER COMPANY, a corporation, Plaintiff-Appellee,

v.

1354.02 ACRES, MORE OR LESS, OF LAND IN RANDOLPH COUNTY, ALABAMA, and Gladys Graves, et al., Defendants-Appellants.

No. 82-7352

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 11, 1983.

Rehearing and Rehearing En Banc
Denied Sept. 19, 1983.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

KRAVITCH, Circuit Judge:

On November 14, 1978, Alabama Power Company filed a complaint in condemnation in the United States District Court for the Middle District of Alabama pursuant to 16 U.S.C. § 814. After disposing of certain issues on summary judgment the court appointed three commissioners to determine compensation due landowners pursuant to Fed.R.Civ.P. 71A(h). Appellant's case was joined with the cases of other parcel owners pursuant to Fed.R.Civ.P. 71A(b). The commissioners assessed compensation due appellant at $14,350. Appellant thereupon brought exceptions to the commissioners' report before the district court, said exceptions being heard on August 12, 1982. On September 17, 1982 the district court entered a memorandum opinion and order confirming the commissioners' report and setting compensation at $14,450. Perry appeals the district court's order.

Appellant raises seven grounds on appeal. All but the jury trial issue relate to findings of the commissioners, and were raised and resolved before the district court. The jury trial issue was addressed in the order of the district court appointing the commissioners. On the issues of compensation for minerals, damages to remaining land, best use and improvements we affirm on the basis of the opinion below. On the basis of the remaining issues, discussed *infra,* we affirm in part, reverse in part, and remand.

### 1. *Jury Trial*

Appellant argues that the district court's refusal to try the issue of condemnation to a jury, despite appellant's jury demand, was a violation of his constitutional rights. The Federal Rules of Civil Procedure specifically provide for the appointment of commissioners in lieu of a jury, however, in condemnation actions in which

Robert A. Perry, pro se.

Edward S. Allen, Birmingham, Ala., for plaintiff-appellee.

the district court determines that the ends of justice best would be served by foregoing trial by jury. Fed.R.Civ.P. 71A(h). We have held that Rule 71A(h) does not offend the right to trial by jury, there being no constitutional right to a jury in an eminent domain action. *United States v. 5.00 Acres of Land, Etc.,* 673 F.2d 1244 (11th Cir.1982). The court below made appropriate findings that the ends of justice would be served best by appointment of commissioners. Accordingly, this claim is without merit.

### 2. Compensation for Riparian Rights and Damages

Appellant claims in separate counts that he was denied compensation for riparian rights on the land taken, and denied compensation for damages to the remaining property. Appellee responds that "[t]he reason the disadvantages caused by the reservoir did not result in monetary award was because they were more than offset by the advantages. The commission ... and the District Court ... found enhancement to the remainder as a result of the reservoir." The Commission mentioned appellant's claim as to riparian rights, but made no finding. The district court assumed the riparian rights "must have been" considered in assessing the total value of the land. Because the commissioners may have been laboring under the same erroneous view of the law as that held by appellees, however, this assumption was error.

Compensation for the taking pursuant to 16 U.S.C. § 814 is a question of federal law, which is resolved here by reference to Alabama law. *See Georgia Power Co. v. Sanders,* 617 F.2d 1112 (5th Cir.1980) (en banc). The Alabama Code clearly states that except in cases involving condemnation for highways or water conservancy projects, enhancement to the remaining land is *not* to be considered in determining "just compensation" for the land taken. Section 18–1–18, *Code of Alabama* (1975). That provision has been construed, however, not to preclude consideration of enhancement of the remaining land to offset *damage* to the remaining land. *Town of Eutaw v. Botnick,* 150 Ala. 429, 43 So. 739 (1907).

In other words, there is a distinction made between the land taken and the land remaining. The property owner must receive "just compensation" for condemned property, without regard to any enhancement of the remaining land. Damage to remaining land, however, may be offset by enhancement in the value of that land. Appellant's claims for damages due to interference with watering rights, for example, clearly are damages to remaining property which, under the *Town of Eutaw* rationale, may be offset by any enhancement. That is not the case, however, with riparian rights. Once the land containing water, and access to that water, is condemned the taking is complete. Those rights are akin to condemned real property. Enhancement, therefore, may not be set off against riparian rights. As riparian rights fall on the "taking" side of the equation, denial of the rights must be compensated.

An appraiser for the Alabama Power Company testified before the Federal Power Commission (now the Federal Energy Regulatory Commission) that the Company expected to pay $2.00 per foot for riparian rights in the relevant condemned area. Appellant apparently introduced that statement before the commissioners as a statement against the interest of the Alabama Power Company. The district court acknowledged this, but assumed the commissioners took the riparian values into account in assessing the total land value.

This assumption was unwarranted. First, the property assessor whose testimony generally was accepted by the commissioners did not discuss the value of riparian rights. Second, it is impossible to discern from the values assigned different parcels that riparian rights were taken into account. Finally, the instructions of the district court to the commissioners were not so clear that the commissioners may not have utilized the same erroneous legal principle asserted by appellee. Accordingly, we reverse and remand on the issue of riparian rights to ensure that appellant is compensated for the value of those rights taken.

### 3. *The Area Cruised for Timber*

 Appellant claims the timber cruiser failed to cruise all of appellant's property, with the result that appellant was inadequately compensated for his timber and land. The basis for this allegation is a claimed discrepancy between the actual property and the map utilized by Alabama Power to assess the amount of compensation and guide the cruisers. Further, appellant claims an additional amount of acreage has eroded, or been "pressed down," to below the contour line at which his property commences. The Report of the Commissioners does not mention this contention of appellant.

The district court upheld the ultimate finding of the commissioners as to the amount of compensation. As to the two issues concerning acreage (payment for timber and for land) the court acknowledges that there is evidence to support appellant's contention; nevertheless, the court finds the commissioners' determination that all the land was assayed "not clearly erroneous." We disagree.

It appears appellant attempted to raise the validity of the survey maps before the commissioners, but they declined to hear the evidence, finding it outside their jurisdiction. The timber cruiser and appraiser testified they appraised all the land, as indicated on the maps. If the maps were incorrect, however, their determinations as to the proper amount of compensation would be incorrect as well. As the commissioners demurred to the question of whether Alabama Power's maps were correct, it was incumbent upon the district court to hear appellant's testimony and permit him an opportunity to prove his case. Upholding the determination of the commissioners as "not clearly erroneous" when they failed to provide appellant an opportunity to prove his point was a clear error of law.

The district court, in an argument adopted by appellee before this court, held alternatively that as the total timber value awarded by the commission exceeded that calculated by appellant, there was no harm done appellant. This argument does not satisfy the legal requirement of "just compensation." The amount of money awarded for timber is a product of two variables; acreage and per acre timber value. The commissioners found as a fact that the per acre figures should have been higher than those suggested by appellant. That determination is separate from, and irrelevant to, a determination of the total acreage. If appellant is correct that Alabama Power cruised the wrong number of acres, then appellant is entitled to the correct acreage multiplied by the per acre dollar figure arrived at by the commissioners. We remand therefore, to provide appellant an opportunity to prove that Alabama Power appraised and cruised insufficient acreage, and for whatever adjustments are thereby required.

AFFIRMED IN PART; REVERSED IN PART and REMANDED for further proceedings not inconsistent with this opinion.