# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3734

NORTHERN BORDER PIPELINE COMPANY,

*Plaintiff-Appellee*,

*v.*

64.111 ACRES OF LAND IN WILL COUNTY,
ILLINOIS, *et al*.,

*Defendants-Appellants*.

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 00 C 3122—**Paul E. Plunkett**, *Judge*.

ARGUED SEPTEMBER 4, 2003—DECIDED SEPTEMBER 19, 2003

Before FLAUM, *Chief Judge*, and EASTERBROOK and
MANION, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*.   Federal law permits a
natural-gas pipeline to condemn private land in order to
assemble a transportation corridor, if the owner and the
pipeline cannot agree on a price for the acquisition. See 15
U.S.C. §717f. Northern Border Pipeline Co., which has been
licensed by the Federal Energy Regulatory Commission to
build and operate an extension to an existing pipeline, filed
a complaint seeking the condemnation of 16 tracts of
land in Will County, Illinois. The owners wanted a jury (or
perhaps 16 juries) to determine "just compensation" for

these takings. They observed that §717f(h) requires federal courts in gas-pipeline-condemnation cases to follow state practice, and that Illinois affords owners jury trials in condemnation proceedings. But the court concluded that Fed. R. Civ. P. 71A(h) supersedes §717f(h) and permits it to choose among a bench trial, a jury trial, and valuation by a commission. The district judge appointed a commission, which set values that the owners do not now contest. Nonetheless, they contend, the case should be remanded so that one or more juries can make independent awards, which the owners hope will be higher.

When concluding that Rule 71A(h), which was adopted in 1951, supersedes §717f(h), which was enacted in 1938, the district judge relied not only on the language of Rule 71A but also on the *dictum* in *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 4 n.2 (1984), that Rule 71A creates a nationally uniform practice, and the holding of *Southern Natural Gas Co. v. Land in Cullman County*, 197 F.3d 1368 (11th Cir. 1999), that Rule 71A(h) displaces the conformity clause of the Natural Gas Act, in particular. According to the owners, however, §717f(h) should be applied because repeals by implication are disfavored, and Rule 71A, which does not mention §717f(h), thus should not be treated as repealing the statute.

That's not a helpful way to think about the interaction between procedural rules found in statutes and those in the national rules. The Rules of Civil Procedure, which are established by the Supreme Court under the Rules Enabling Act, cannot "repeal" any statute; the Constitution does not give the Judicial Branch any power to repeal laws enacted by the Legislative Branch. But Congress may itself decide that procedural rules in statutes should be treated as fallbacks, to apply only when rules are silent. And it has done just this, providing in what has come to be called the supersession clause of the Rules Enabling Act that "[a]ll laws in conflict with such rules

shall be of no further force or effect after such rules have taken effect." 28 U.S.C. §2072(b). Any doubts about the force and validity of the supersession clause were laid to rest in *Henderson v. United States*, 517 U.S. 654 (1996). Thus Rule 71A(h) prevails: its nationally uniform approach conflicts with the conformity-to-state-practice approach of §717f(h), and under §2072(b) the statutory rule "shall be of no further force or effect".

Of course, the supersession clause does not trump the seventh amendment, which says that in "suits at common law" exceeding $20, "the right of trial by jury shall be preserved". But the Supreme Court held long ago that condemnation actions filed by the United States and its instrumentalities are not "at common law" because the obligation to pay is undisputed, and only valuation is required. See, e.g., *Bauman v. Ross*, 167 U.S. 548, 593 (1897); *Shoemaker v. United States*, 147 U.S. 282, 300, 301 (1893); *United States v. Jones*, 109 U.S. 513, 519 (1883). The owners have not argued that things are otherwise when federal condemnation power has been delegated to a private entity. The only appellate decision mentioning the subject says (in *dictum*) that there is no difference. See *Atlantic Seaboard Corp. v. Van Sternkenburg*, 318 F.2d 455, 459 (4th Cir. 1963). Given the owners' litigation strategy, we need not decide whether that perspective is correct.

There remains the question whether the district court erred in deciding that a commission would be the best way to ascertain the land's value. The judge gave several reasons. First, one commission is better than 16 juries. The owners have been coy about whether they want one jury trial, or one per parcel. Sixteen trials would be too many (other litigants, waiting in the queue to have their own cases resolved, would be sorely inconvenienced), and one mega-trial would be too complex, the judge thought. Second, a commission proceeds less formally than does

a trial, so the commissioners can visit the parcels and learn facts about them (and their market value) more readily than can a jury, which would sit in Chicago, more than 100 miles from the parcel farthest from the courthouse. Any evidentiary hearings likewise could be conducted near the parcels and so would be more convenient to the parties, counsel, and witnesses. Third, the commission could be (and was) staffed with experts in evaluating market prices for land, while lay jurors likely would be at a loss to evaluate the inevitable disagreement among experts hired by the litigants. Commissions thus are less likely than juries to split the difference in the parties' valuations (a tendency that encourages litigants to take extreme positions in jury trials). Appellate review of the decision to entrust this dispute to a commission is deferential, and we do not see any clear error or abuse of discretion.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*