CHAGARES, Circuit Judge, dissenting.
The United States has delegated its eminent domain power under the Fifth Amendment to natural gas companies in certain instances pursuant to the Natural Gas Act (the "NGA" or the "Act"), 15 U.S.C. §§ 717 - 717z. The Supreme Court in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943), held that federal substantive law applies to determine just compensation for an exercise of the eminent domain power under the Fifth Amendment. However, Miller featured the Government and not a private party exercising the Fifth Amendment eminent domain power. My learned colleagues cogently explain why that makes all the difference. The Supreme Court may well agree when it considers this legal issue. Indeed, other courts' holdings support my colleagues' position.
In my view, however, resolution of the question here presented begins and ends with the Miller decision. I believe that the standard by which we measure just compensation due for an exercise of the Fifth Amendment eminent domain power is the same regardless of whether it is the Government or a Government-delegatee that exercises that power.[1] Because I believe that the Supreme Court's Miller decision controls here and that federal substantive law applies to determine just compensation under the Fifth Amendment, I respectfully dissent.
I.
A.
The Fifth Amendment assures that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V. The eminent domain *256 power belongs to the federal government, but Congress may "delegate[ it] to private corporations, to be exercised by them in the execution of works in which the public is interested." Boom Co. v. Patterson, 98 U.S. 403, 406, 25 L.Ed. 206 (1878). As noted by the majority, Congress did just that in the NGA. See E. Tenn. Nat. Gas Co. v. Sage, 361 F.3d 808, 821 (4th Cir. 2004) ; S. Nat. Gas Co. v. Land, Cullman Cty., 197 F.3d 1368, 1372 (11th Cir. 1999).
The NGA recognizes that "the business of transporting and selling natural gas for ultimate distribution to the public is affected with a public interest, and that Federal regulation in matters relating to the transportation of natural gas and the sale thereof in interstate and foreign commerce is necessary in the public interest." 15 U.S.C. § 717(a). The Act, under certain conditions, authorizes a natural gas company to acquire "by the exercise of the right of eminent domain" property rights necessary "to construct, operate, and maintain a pipe line ... for the transportation of natural gas." Id. § 717f(h). One of those conditions is that the company hold a certificate of public convenience and necessity, id., which the Federal Energy Regulatory Commission ("FERC") issues when the project "is or will be required by the present or future public convenience and necessity," id. § 717f(e). In other words, the NGA delegates - as here - federal eminent domain power to a natural gas company to promote the construction of a gas pipeline that FERC has determined to be required by public convenience and necessity.
B.
The Supreme Court long ago established that exercises of the federal eminent domain power require the application of federal substantive law regarding just compensation. See Miller, 317 U.S. at 379-80, 63 S.Ct. 276. The Court in Miller addressed issues concerning the just compensation due as a result of the federal government's condemnation of property in California, including whether any increase in value to the land taken due to the Government's proposed action is properly included in the measure of compensation. Id. at 370, 375, 63 S.Ct. 276. Under federal substantive law, the answer was no, but under California law, the answer was yes. Id. at 376-79, 63 S.Ct. 276.
The landowners urged the Court to apply state law by arguing that "Congress ha[d] adopted the local rule followed in the state where the federal court" sat. Id. at 379, 63 S.Ct. 276. The Court declined the invitation, determining that the pertinent statutes required only the adoption of state "forms and methods of procedure," and "d[id] not, and could not, affect questions of substantive right-such as the measure of compensation-grounded upon the Constitution of the United States." Id. at 379-80, 63 S.Ct. 276 (emphasis added). That is, the Supreme Court in Miller held that when the right to compensation is based in the federal Constitution, federal substantive law applies to determine just compensation. Id.
We followed Miller's lead in United States v. Certain Parcels of Land, 144 F.2d 626, 627 (3d Cir. 1944), where we considered whether a pre-taking contract for the sale of property condemned by the United States was admissible to prove the property's market value. The trial court applied Pennsylvania law, which considered the contract inadmissible, and excluded the document. Id. But we held that, according to federal law, the contract should have been admitted because it spoke to "just compensation, affecting the appellant's substantive right, and its relevancy is therefore a federal question to be determined unfettered by any local rule."
*257 Id. at 629-30. We have reaffirmed that federal law controls how we measure the federal substantive right of just compensation. See United States v. 13,255.53 Acres of Land, 158 F.2d 874, 876 (3d Cir. 1946) ("This question of substantive right, namely, the measure of compensation, is grounded on the Constitution of the United States and federal law controls."); Kinter v. United States, 156 F.2d 5, 6 (3d Cir. 1946) ("The matter in controversy being the right of compensation of a landowner under the Fifth Amendment, the answers to the questions involved do not depend upon local law."); United States v. Certain Parcels of Land, 145 F.2d 374, 375 (3d Cir. 1944).[2]
C.
Miller and our cases interpreting it are clear that when the substantive right to just compensation derives from the Constitution, such compensation is measured according to federal substantive law. One's right to just compensation under the Fifth Amendment is certainly triggered by an exercise of the federal eminent domain power. See, e.g., Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 9, 104 S.Ct. 2187, 81 L.Ed.2d 1 (1984). And Congress may delegate that power to private entities. See Boom Co., 98 U.S. at 406.
These principles lead to the following conclusion: because Congress has authorized natural gas companies to invoke the federal eminent domain power under the NGA, and because exercise of that power entitles a landowner to just compensation under the Fifth Amendment, the question of just compensation in an NGA condemnation action is a question of federal substantive right to which federal substantive law applies.
The landowner ("King Arthur") and the majority disagree, cabining Miller's scope to condemnation actions by the federal government only and adopting the view that the law properly applicable to determining just compensation depends on who is exercising the federal power to condemn property. But the right to just compensation "grounded upon the Constitution of the United States" is a federal substantive right, Miller, 317 U.S. at 380, 63 S.Ct. 276, that is triggered by an exercise of the federal eminent domain power, not necessarily the Government's exercise of that power. And although the Supreme Court in Miller did not explicitly expound that its holding applies to a private party's exercise of the federal power, it did not explicitly limit its reach to the Government's exercise, either.[3] Its focus was on the condemnee's federal right to compensation. Miller, 317 U.S. at 379-80, 63 S.Ct. 276.
To carve out a separate set of rules for private parties exercising federal eminent domain power for a federal public purpose under 15 U.S.C. § 717f(h) would create "an artificial wedge between federal condemnations brought by the United States and federal condemnations brought by private entities acting pursuant to congressionally delegated authority." Tenn. Gas Br. 10; see also Ga. Power Co. v. Sanders, 617 F.2d 1112, 1129 (5th Cir. 1980) (en banc) (Rubin, J., dissenting) (observing that there is no "sound reason to distinguish between condemnation *258 proceedings brought by the United States and those in which it authorizes its power to be used by its statutory licensee for a federal public purpose").[4] In either action, the federal eminent domain power is exercised and triggers the constitutional right to compensation.
My colleagues rest their acceptance of this distinction (and Miller's inapplicability) on the conclusion that "the powerful federal interest at play when the federal government is the condemnor is considerably weakened when a private entity is the condemnor." Maj. Op. 248 . This is so, according to the majority, because "the development of natural gas pipelines is not an 'essential governmental function[,]' " Maj. Op. 248 (quoting United States v. 93.970 Acres of Land, 360 U.S. 328, 332, 79 S.Ct. 1193, 3 L.Ed.2d 1275 (1959) ), and the "significant concern about the spending of federal dollars" by the Government-condemnor is missing in eminent domain actions brought by a private party, Maj. Op. 248.[5] But these concerns are not determinative, in my view. The Supreme Court's holding in Miller - at least as pertinent to this appeal - did not turn on either concern, but instead on the fact that the substantive right of just compensation was grounded on the United States Constitution. Miller, 317 U.S. at 380, 63 S.Ct. 276. In other words, federal law applies to determine the just compensation owed upon an exercise of the federal eminent domain power because the right to just compensation is a federal substantive right, regardless of whether the taking is for an "essential governmental function" or requires the spending of federal dollars.
The majority's final argument to distinguish Miller is likewise unpersuasive. My colleagues contend that Miller merely sets a constitutional floor for just compensation and that states may, through their own laws, provide for greater compensation for landowners. Assuming that that observation is correct, it still does not explain why Miller does not apply here, a federal condemnation proceeding. That states may provide landowners more generous compensation (under state law) is immaterial.
Because I view the Supreme Court's decision in Miller as controlling, I would *259 affirm the District Court's application of federal substantive law to determine just compensation under the Fifth Amendment.
II.
For the above reasons, I respectfully dissent.

Indeed, the only time this Court has passed on the precise issue presented here, the panel unanimously held that federal substantive law applies - albeit in a non-precedential decision. See Columbia Gas Transmission, LLC v. An Easement to Construct Operate & Maintain a 20 Inch Gas Transmission Pipeline Across Props., 745 F. App'x 446, 449 n.4 (3d Cir. 2018) ("Federal law governs the measure of just compensation owed to landowners in condemnation actions under the Natural Gas Act.").

As the majority recognizes, a body of federal law regarding just compensation already exists. Maj. Op. 250.

The majority reads Certain Parcels of Land as recognizing that Miller applies only to condemnation actions by the Government. But our statement that Miller "set forth ... the standard by which the amount of compensation due an owner of land condemned by the United States is to be determined" is merely an acknowledgement that Miller provided law for the same situation we addressed in that case. Certain Parcels of Land, 144 F.2d at 629.

The majority notes that two other Courts of Appeals have opined on the issue before us. I do not consider the opinions from those courts to be persuasive. In reverse chronological order, the Court of Appeals for the Sixth Circuit in Columbia Gas Transmission Corp. v. Exclusive Natural Gas Storage Easement, 962 F.2d 1192, 1195 n.4 (6th Cir. 1992), reached its conclusion notwithstanding that the parties apparently agreed that federal common law applied and that neither party addressed the issue. In addition, the court did not even mention the Supreme Court's Miller decision in its opinion. Similarly, the Court of Appeals for the Fifth Circuit in Mississippi River Transmission Corp. v. Tabor, 757 F.2d 662, 665 n.3 (5th Cir. 1985), also failed to mention Miller in what the Court of Appeals for the Sixth Circuit correctly noted was a "summary treatment of th[e] issue." Columbia Gas, 962 F.2d at 1197. Indeed, the analysis was limited to two sentences in a footnote. The holding of the Tabor court is also problematic in that the court relied solely on the "practice and procedure" clause of 15 U.S.C. § 717f(h) to reach its conclusion - an approach both my colleagues in the majority and I reject. Maj. Op. 249-50. Finally, the Court of Appeals for the Fifth Circuit in Georgia Power, 617 F.2d at 1124, noted how the issue of which law to apply was "a close one" and relied upon (as does the majority) United States v. Kimbell Foods, Inc., 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). Insofar as I believe the Supreme Court's decision in Miller controls, we need not conduct the inquiry prescribed by the Kimbell Foods decision.

King Arthur also argues that Miller is inapplicable because there, unlike here, private property was taken for a public use. The majority does not appear to accept King Arthur's assertion that its land was not taken for a public use, and neither do I.